UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KIMBERLY HERREN,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

Defendant.

NO: 12-CV-3043-TOR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 26, 28). Plaintiff is represented by D. James Tree. Defendant is represented by Kathy Reif. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. There being no reason to delay a decision, the hearing set for April 7, 2014 is vacated and this matter is submitted without oral argument. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*., at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

Plaintiff applied for supplemental security income (SSI) benefits on May 23, 2008, alleging an onset date of January 1, 2005. Tr. 138-40. Her claim was denied initially and on reconsideration. Tr. 95-98, 102-04. Plaintiff appeared at a hearing before an administrative law judge on April 21, 2011. Tr. 44-92. The ALJ issued a decision on June 15, 2011, finding that Plaintiff was not disabled under the Act. Tr. 20-32.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 23, 2008, the application date. Tr. 22. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the listing of impairment. Tr. 22-24. The ALJ determined Plaintiff had the RFC to:

> perform sedentary work as defined in 20 C.F.R. 416.967(a) in that the claimant is able to lift no more than 10 pounds at a time, she can occasionally lift and carry articles such as docket files, ledgers, and small tools, and she can stand and walk for about 2 hours in an 8-hour work day. The claimant is able to climb ramps or stairs, balance, stoop, crouch, kneel, and crawl occasionally. She can never climb ladders, ropes, or scaffolds. With her left upper extremity, the claimant is able to occasionally push and pull within the boundaries of

> her lifting restrictions and occasionally reach overhead. The claimant must avoid concentrated exposure to poorly ventilated areas, unprotected heights, use of moving machinery, and irritants such as fumes, odors, dust, chemicals, and gases. The claimant is also limited to simple, routine, and repetitive tasks, she needs more time to learn new procedures and processes, she must not have fast-paced production requirements, and she is restricted to superficial contact with the general public and co-workers.

Tr. 24-25. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 31. At step five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy in representative occupations such as a spotter (sedentary), stuffer, and weight tester. Tr. 31-32. Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding of not disabled was made. Tr. 32

On August 3, 2011, Plaintiff requested review by the Appeals Council and submitted a letter from Roger Wentz, a vocational expert. Tr. 133-137. An additional opinion of Dr. Cox was submitted to the Appeals Council as well. Tr. 1051-53. On February 7, 2012, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act. Plaintiff has identified two issues for review. First, whether the ALJ improperly rejected the opinions of Plaintiff's treating and examining medical providers. ECF No. 27 at 14. Second, whether the ALJ failed to identify the jobs Plaintiff could perform in light of her specific functional limitations. *Id*.

## DISCUSSION

### A. Opinions of Plaintiff's Medical Providers

Plaintiff contends the ALJ summarily rejected Dr. Cox's assessment of her limitations without providing adequate reasons. ECF No. 27 at 17. After the ALJ's opinion was issued in June 2011, Plaintiff's treating physician, Dr. Cox concluded she was limited to less than a sedentary level of exertion with limitations of "no lifting over five pounds, limited sitting and standing," and "limited use bilateral hands." *Id*; Tr. 1052. Dr. Cox opined that with these restrictions, Plaintiff was unable to work or look for work for twelve months at minimum. *Id*. at 1052-53. Dr. Cox provided a nearly identical opinion in September 2010, but at that time suggested Plaintiff's condition would only last six months. Tr. 728-30.

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

In this case, the ALJ recounted all the objective medical findings and correlated those with plaintiff's subjective complaints, her credibility and conduct. In part, the ALJ discounted Dr. Cox's opinion of total disability because he qualified his opinion with a durational limitation of six months, which is not a sufficient length of time to establish a period of disability. Tr. 30, 729.

Next, the ALJ discounted Dr. Cox's opinion because he suggested further diagnostic evaluation, the results for which he did not have at the time of his opinion:

> Ultimately, Dr. Cox opined that the claimant was severely limited in that she would be unable to participate in work activity. (Ex. 22F) Although Dr. Cox is a treating source with a lengthy treatment relationship, this opinion is given little weight. The opinion is inconsistent with the relatively mild objective findings on physical examination and diagnostic imaging. In fact, the opinion even states that the claimant needed a neurosurgical consultation and an MRI of the lumbosacral spine. Thus, Dr. Cox did not have the benefit of the mild objective findings on MRI and examination by Dr. Meirelles when this opinion was rendered.

Tr. 30.  In recounting the Plaintiff's medical history and relatively mild objective medical findings, the ALJ noted a history of non-compliant follow-up treatment, cancelling physical therapy sessions, exaggeration of pain, inconsistent statements to her treating physicians, and drug seeking behavior.  Tr. 26-30.  Furthermore, the ALJ had the benefit of a medical consultant's opinion concerning Plaintiff's exertional and postural limitations.  Tr. 30.

Here, the ALJ provided specific and legitimate reasons that are supported by substantial evidence in the record for rejecting Dr. Cox's conclusion of total disability.  The ALJ's findings are supported by substantial evidence in the record.

**B. Available Jobs Considering Plaintiff's RFC**

Plaintiff contends that the ALJ findings at step five were erroneous because the vocational testimony on which he relied was without evidentiary value as it was provided in response to in incomplete hypothetical.  ECF No. 27 at 19.  Specifically, Plaintiff contends the ALJ's hypothetical failed to account for

claimant's inability to frequently use her hands and arms – as assessed by her treating physician. *Id*. Additionally, Plaintiff contends the ALJ's hypothetical also failed to include the numerous moderate limitations identified by Dr. Mee, which included the limited ability to complete a normal work day and work week and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id*. at 20.

An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of a treating or an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the opinion of the treating or examining doctor is contradicted by another doctor, the ALJ can reject the opinion by providing specific and legitimate reasons supported by substantial evidence in the record. *Id.*

As alluded to above, Dr. Cox only wrote his conclusory opinion concerning "limited use bilateral hands" after the ALJ's opinion was issued. Tr. 1052. That conclusion was not supported with any additional objective evidence or test results. Dr. Cox's prior opinions did not include any restrictions on Plaintiff's use of her hands. See Tr. 728-30.

Sean Mee, Ph.D., a non-examining psychologist filled out a check-box form and a narrative assessment. Tr. 666-68. Dr. Mee checked no boxes indicating more than moderately limited functioning. *Id*. The narrative is used to elaborate

and explain the expert's conclusions.  *See* Tr. 668 (caption and directions for Section III).  Here, the ALJ explained, "the State agency psychological consultant, Sean Mee, Ph.D., opined that the claimant is able to learn, remember, and carry out simple work tasks, retains the ability to carry out non-speeded work tasks, can interact with co-workers and public on a superficial basis, is capable of accepting instructions, and will benefit from additional time to learn changes in procedures." Tr. 30.  The ALJ gave Dr. Mee's opinion "great weight as it is well reasoned and consistent with the objective findings on psychiatric examination." *Id*.  Indeed, the ALJ even rejected another consultant's opinion that Plaintiff had less restrictive limitations.  *Id*. at 30-31.  Dr. Mee's findings, as more fully explained by his narrative, were incorporated into the hypothetical RFC propounded to the vocational expert.  No error has been shown.

A district court may not substitute its judgment for that of the Commissioner.  If the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Substantial evidence in the record supports the ALJ's findings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 26) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 28) is **GRANTED**.

3. The hearing on cross motions for summary judgment scheduled for April 7, 2014 is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** August 13, 2013.



THOMAS O. RICE
United States District Judge